UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLUMBIA RIVERKEEPER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT PRUITT, et al., <br><br> Defendants. | Case No. C17-289 RSM <br><br> ORDER DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on the United States' Motion to Extend by 30 Days the First Compliance Date in the Court's Order. Dkt. #40. On October 17, 2018, the Court Ordered as follows "[t]he EPA has 30 days from the date of this Order to approve or disapprove the constructively submitted TMDL at issue in this case, and 30 days after a disapproval to issue a new TMDL." Dkt. #39. The United States now requests that the Court extend the first of the two deadlines by 30 days, until December 17, 2018. Dkt. #40 at 2. The reasons for this request include the usual explanation that additional time is needed to complete internal government processes to determine whether to pursue an appeal, and the unusual explanation that certain decision-makers have only recently joined the Department of Justice of EPA. *Id*. at 2–3. The Government also states that it needs additional time to figure out how to coordinate with the parties to the 2000 Memorandum of Agreement. *Id*.

ORDER DENYING MOTION FOR EXTENSION OF TIME - 1

In Response, Plaintiffs "oppose EPA's attempt to delay the process from the outset." Dkt. #42 at 1. Plaintiffs argue that the EPA "knew this situation could arise—or should have known this—all along, and EPA could have easily avoided the problems it now claims to face." *Id.* at 2. Plaintiffs specify that the EPA could have asked for more than 30 days to review the TMDL in prior briefing, that the Court ordered precisely the timeline that the EPA asserted was appropriate if the Court found a constructive submission, and that the nearly yearlong wait for the parties to receive the Court's ruling should have afforded the Government time to prepare for all of this. *Id.*

On Reply, the Government states it is not "plausible to require that DOJ brief senior officials and the Solicitor General's Office (which must approve any appeal) on every pending district court case in the event that an adverse decision may be forthcoming." Dkt. #43 at 2.

The Court possesses broad authority to modify a prior order. See Fed. R. Civ. P. 60(b). Courts also possess broad authority to consider the needs of an agency when fashioning an appropriate remedy, or when modifying a prior remedial order, in response to a nondiscretionary citizen suit claim in order to provide a longer period of time for agency action than set out in the relevant statute. *See, e.g., Natural Res. Def. Council, Inc. v. Train*, 510 F.2d 692, 712-13 (D.C. Cir. 1974).

The Court agrees with Plaintiffs that the EPA should have prepared for the Court's ruling and a possible appeal, and had ample time to do so. The Court further finds a history of delay by Defendants unique to the facts of this case, and will not permit further delay without reasons more substantial than those cited in the instant Motion. The Government has failed to meet their burden to justify modifying the Court's prior Order.

ORDER DENYING MOTION FOR EXTENSION OF TIME - 2

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the United States' Motion to Extend by 30 Days the First Compliance Date in the Court's Order (Dkt. #40) is DENIED.

DATED this 8th day of November, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE