UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLUMBIA RIVERKEEPER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, et al., <br><br> Defendants. | Case No. C17-289 RSM <br><br> ORDER GRANTING MOTION FOR STAY PENDING APPEAL |

This matter comes before the Court on the United States' Motion for Stay Pending Appeal. Dkt. #47. Plaintiffs oppose this Motion. Dkt. #50.

This Court's October 17, 2018, order on summary judgement determined that "EPA [] violated the CWA by failing to issue a TMDL for the Columbia and lower Snake Rivers" after "Washington and Oregon [] clearly and unambiguously indicated that they will not produce a TMDL for these waterways." Dkt. # 39 at 14. The Court then gave the EPA "30 days . . . to approve or disapprove the constructively submitted TMDL, and, if disapproved, 30 days after the disapproval to issue a new TMDL. *See* 33 U.S.C. § 1313(d)(2)." *Id*. at 15. The EPA recently disapproved Oregon and Washington's constructively submitted TMDLs in accordance with the Court's order. *See* Dkt. # 47-1. However, rather than proceeding to issue the

ORDER GRANTING MOTION FOR STAY PENDING APPEAL - 1

temperature TMDL within the 30-day deadline set by the CWA and the Court's Order, the EPA is instead moving for a stay pending appeal of the Court's Order.

A stay pending appeal is not a matter of right, but rather "an exercise of judicial discretion" that depends upon "the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id*. at 433-34.

The United States has convinced the Court its appeal will raise "serious questions of law in an area that is unclear," and that this is a strong factor in favor of the requested relief. *See* Dkt. #47 at 4 (citing *Costco Wholesale Corp. v. Hoen*, 2006 WL 2645183 (W.D. Wash. Sept. 14, 2006)); Dkt. #51 at 2–3. The EPA has also demonstrated irreparable injury absent a stay by arguing that the Court's requested relief would tax EPA resources devoted to other projects in a way that would not be recoverable in further litigation. *See id.* At 6–7. The Court is further convinced that the public interest may lie in granting a stay so as to avoid the possibility of a hastily issued TMDL conflicting with further guidance from the Ninth Circuit.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the United States' Motion for Stay Pending Appeal, Dkt. #47, is

GRANTED. The Court's October 17, 2018, Order re: Motions for Summary Judgment (Dkt. #39) is STAYED for the duration of the United States' appeal of that Order to the Ninth Circuit.

DATED this 30th day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR STAY PENDING APPEAL - 3